UNITED STATES DISTRICT COURT, GOLDEN-COLLUM MEMORIAL FEDERAL BUILDING AND U.S COURTHOUSE

GREGORY L. CURTIS, JR
Petitioner

5:23-W-150JBB PRL

V.

STATE OF FLORIDA
Respondant

**Provided to Walton CI
On __3-3-23__ for Mailing**
Date
**By (officer initials)__ me PH**

## PETITION FOR HABEAS CORPUS (Person in Prison)

### Petion

1) Name and Location of Court entered Judgement of Conviction Under attack: __Circuit Court OF THE 8th JUDICIAL Circuit IN AND FOR ALACHUA COUNTY__.

2) Date of Judgement and conviction: __April 30, 2015__.

3) Sentencing Judge: __Judge Kreider__.

4) Nature of offense: A. Case # 2012-Cf-004799-A (Grand Theft)
B. Case # 2013-Cf-003381-A (Counterfeiting Goods)
C. Case# 2014-Cf-000821-A (Grand Theft)

5) Length of Sentence: __15 years D.o.C__

6. What was your Plea? __Not Guilty__.

7. Kind of Trial? __NONE Jury Judge only__

8. Did you testify at trial __Yes__.

9. Did you Appeal? __yes__. (1st DCA)

2023 MAR -6 PM 12: 05
FILED

10.) If you apealed, answer the following:

(A.) 1.) Name of Court? 1st DCA.
    2.) result: Appellant Court affirmed Judgement and conviction.
    3.) Date of result: April 5, 2016 and the Mandate was issued
        on March 18, 2016.

Ground 1: Court Failed to ask Petitioner a fundamental
        question and did not allow allocution.

Facts: April 30, 2015 a revocation of Probation was
    held and during Sentencing the trial courts
    Failed to ask Petitioner If he had anything
    to say before Sentence was imposed
                    See Vop transcript April 30, 2015 pg 188- 192

            Exuastion of Ground ONE in State Carts:

1.) Did you raise ground one in the appropiate state
    Court of Appeal on Direct Appeal of your
    Conviction? __NO__.

2.) Did you raise ground 1 in any petition, application,
    or Motion filed in the States Courts in the state
    Where Judgement Was rendered?

    Petition filed: Motion to Correct ILLegal Sentence
                    June 3, 2022 (see pg 2-3)

Question :   If your Answer is yes, ~~give~~ give details, including
the grounds raised, the Courts decision, and
date of said decision for each such petition,
application or Motion.

Answer:    As to ground two rule 3.800 (a) " is concerned
primarily with whether the terms and conditions
of the punishment for a paticular offense
are permissible as a matter of law.

" Its Not the vehicle designed to re-examine
whether the terms and condition, of the
punishment for a paticular offense are permissible
as a matter of law.

" Harris v. State, 789 So. 2d 1114, 1116
( Fla. 1st DCA 2001 ) ( quoting )
Judge v. State, 596 So. 2d 73, 77
( Fla. 2d DCA 1992 )).

" It is not a vehicle designed to re-examine
whether the procedure employed to impose
the punishment comported with the
Statutory of law and due process.

See: Motion attached
filed June 3, 2022
ExhiBit ( G.C .1)

Grand (2)
Trial court erred by denying Petitioner an
opportunity to present Mitigation testimony
to rebut issues raised by the State
and the trial court during Sentencing

Facts    Petitioner witness Wilneasha Wintons was
called only during the Mitigation Sentencing
Stage of the proceeding however, and not
during the evidentiary stage, and the courts
refused to allow her testimony regarding Facts.
                              See VOP April 30, 2015
                              Transcript Pg 192-193 (Line 1-3)

Her testimony would have provided indicia of
credibility to counsel Mr. Bill Salmon's
testimony and putative testimony of Mrs.
Tracey Yang, and Brianna Sheppard, to
an extent sufficient for the trial court
to have concluded the petitioner did not
violate the terms of his probation by



Committing the new law violation which he
was charged.       See: Counsel Bill Salmon
                      Testimony (Vop transcript Pg 137-141

## Exhaustion of Ground 2 in State Courts:

(1) Did you raise ground two in the appropriate state
court of appeal on direct appeal of your conviction?
No.

(2) Did you raise ground 2 in any other petition,
application, or motion filed in the state courts
in the state where judgement was rendered?

Petitioner filed Motion to Correct Illegal Sentence 3.800(a)
June 3, 2022  (See pg 2-3)

Question    If your Answer is yes, give details, including
the grounds raised; the court's decision, and
date of said decision for each such petition,
application or Motion.
       Court Said:
Answer    As to grounds one and two rule 3.800(a)
" is concerned primarily with whether the terms
and condition, of the punishment for a particular
offense are permissible as a matter of law.
" Its not a vehicle designed to re-examine whether
the procedure employed to impose the punishment
comported with the statutory of law and due process.

                              See: Motion attached
                                 filed June 3, 2022
                              Exhibit (G.C. 1)

Ground 3 : Trial court erred and did not enter proper order when they revoked Probation on a NON-existance offense

Ground 3 Law enforcement falsely arrested Petitioner in Case # 01-2013-Cf-003381-A

Facts : August 29, 2013 Petitioner was falsely arrested for counterfeiting Goods or Services, because Petitioner was in Possession of his Music Demo and DVD's.

Information filed is in violation of Sections 831.032 (1) and 777.01 Florida Statutes.

DVD's fanded did not have anything that was forged or a trade Mark that was counterfeited of any person, entity or association, and for these reasons Petitioners Codefendant Michael Anthony Nixon Case Was thrown outta court. See Case # 01-2013-Cf-003381-B

(2.) Information filed fails to allege essential elements of the Crime. And to Not Vacate this NON-Existant offense would be a denial of due Process.

See Motion attached
filed April 22, 2021

See Exhibit (G. C. 2 )
Attached

Ground 4: The State Maliciously Prosecuted Petitioner
in case # 01-2013-cf-003381-A

Facts: May 14th, 2014 Petitioner ⊙ pled to
an agreement to accept an illegal
Sentence.

Indictment or Information Wholly
omits to allege essential elements of
the Crime.

Exaustion of Ground 04 in State Court.

(1.) Did you raise grand 4 in the appropiate state
court of Appeal on derect appeal of your
conviction?  ___ NO ___

(2.) Did you raise grand 4 in any other petition,
application, or motion filed in the State
Courts in the State Where judgement
was rendered?

answer: Petitioner filed a 3.800(a) April 22, 2021
grand raised: The State Maliciously Prosecuted Defendant in Case # 01-2013-cf-003381-A
Court Said: Considering Case # 01-2013-cf-003381-A
rule 3.800(a) "is concerned primarily
with whether the terms and conditions
of the punishment for a paticular offense are
permissible as a matter of Law. Its not the
vehicle designed to re-examine whether
the procedure employed to impose the
punishment comported with statutory law
and due process. See ~~Petition Attatched~~ A
See: Exhibit (6.C.2) See: Motion Attached April 22, 2021

(12.) Other than a direct appeal and other than the post conviction petitions, applications or motions disclosed in your answer to question 11 above regarding exhaustion of state remedies, have you previously filed any petitions, applications, or motions with respect to this judgement and conviction in any court, state or federal?
Not federal but state.

(13.) If your answer was yes, give following information:

Court: Circuit Court of the 8th Judicial Circuit in and for Alachua County, Florida.

Nature: Habeaus Corpus

Grounds: Same Grounds Above

Did you recieve an evidentiary hearing?
No.

(14.) Do you have any petition of appeals now pending in any court, either State or Federal, as to the Judgement under attack? No.

(15.) Where you Sentence on more then one count of an indictment, or on more than one indictment, in the same court and at the same time?

May 14th, 2014 Petitioner Plead Nole contest to Case # 2012-cf-004799-A , 2013-cf-003381-A , 2014-cf-000821-A to 36 Months Probation.
No.

May, 22, 2014  Petitioner  Violated  Probation based on a  New law offense   Case # 01-2014-cf-1858-A

April 30, 2015  a  VOP hearing  was held, and petitioner was found in violation of the  New law offense  condition (5) rule, and sentenced to  15 years.

Petitioner went to a  VOP hearing  before a  trial  on this New law  offense.

June 28, 2016  this same  offense that caused a violation was  Nolle prosessed.

(16)  Do you have a future Sentence to serve?
      No.

(C)  Whefore, Petitioner prays that the court will grant petitioner relief to which he may be entitled in this proceeding.

                                    Feb, 25, 2023

                                    Gregory Curtis

                    Declaration
I, Gregory Curtis, declare under penalty of perjury that I have read and subscribe to the above and state that the information contained therein is true and correct to the best of my knowledge.

                                    Feb, 25, 2023
Gregory Curtis                      Walton Correctional Institution
                                    691  Institution Road
                                    Defuniak Springs, Fl 32433

United States District Court
Golden - Collum Memorial Federal
Building And U.S Courthouse

United State of America
    Plaintiff

v.                                                    Memorandum In
                                                      Support of § Habeaus
Gregory L. Curtis      **Provided to Walton CI**      Corpus Motion
    Petitioner         **On __3-3-23__ for Mailing**
                            **Date**
                       **By (officer initials)__ ᵐᵉ  GC__**

## INTRODUCTION

   Comes now, the Petitioner Gregory Curtis, Pro-se
files this Memorandum in Support of his
Habeaus Corpus to Vacate and Set aside
his conviction and Sentence for violation
of Statute 948.06 (1) Fla. Stat. (1987).
A probationer revocation hearing does not
have to meet the strict requirements of a
Criminal trial. It is Sufficient if the
petitioner is advised of the Charges, evidence
is presented, and if the probationer has
an opportunity to present his position.


### Back Ground

1.) May 14th, 2014 Petitioner was sentenced to 36
    months probation for Case # 01-2012-cf-004799-A,
    01-2013-cf-003381-A , 01-2014-cf-000521-A

2.) May 21, 2014 ~~Deway was entered~~ Petitioner was
    charged with 2 new law offenses Case # 01-2014-cf-1858-A
    which Caused a violation of probation on
    above cases. (Count 1 : Human Trafficking, For Commercial
    Sexual Activity with a Child under 18 years old.

Count 2: Procuring a Minor for Prostitution

On September 11, 2014  Information was filed.

April 30, 2015  At the violation hearing Petitioner Pleaded Not guilty to the V.O.P , but was found in Violation for a  New law offense Case# 01-2014- cf- 1858-A    Condition (5) rule.

Petitioner was Sentenced to 15 years  D.O.C

No deposition was taken for the V.O.P or New offense. ( See Vop April 30, 2015 ( Pg 9-10 )

Petitioner filed  appeal  on :

Issue 1 :  Court Committed  Fundamental  Error in revoking probation based  on a  Non - Existant offense.

Issue 2 :  Court Committed  Fundamental  Error in revoking probation based on an  Uncharged offense.

Appellant Counsel Joel Arnold 1stDCA  filed a 3.800 (b)  arguing  that  because Petitioner was only found in violation of his Probation once, that he was eligible for a Non-State Prison Sanction.

In its response, the state contended that the
scoresheet alleged that the Petitioner had
committed three sucessive probation violation
which totaled 18 points, but I had only
violated my probation once which would
have reduced the score sheet by 12 points,
which made Petitioner eligible for a
non-state prison sanction. But the court denied
motion and acknowledged the scoresheet error
but also found that the error did not affect
or contribute to the sentencing decision
stating that because not only did Petitioner
prostitute Minors, but also had sex with
same Minors,

When this Minor testified at the hearing
she testifyed that she never had sex
with Petitioner,

Appellant Court affirmed the Judgement and
conviction on April 5, 2016

Mandate was issued on March 18, 2016

June 28, 2016 the New law offense that
Caused the violation was Nolle Presessed

Petitioner Challenge the facial Constitutionality


557 So. 2d 943:: Donley V. State


Petitioner Argues: Allocution is the right of the Petitioner to make a
final plea on his own behalf to the sentencing
Judge before his Sentence.
United States v. Behrens, 375 U.S. 162, 165,
84 S. Ct. 295, 11 L. Ed. 2d 224
(1963); United States v. Prouty, 303 F 3d 1249,
1251 (11th Cir. 2002). "As early as 1689, it
was recognized that the Courts failure to ask
the petitioner if he had anything to say before
Sentence was imposed required reversal.
" Green v. United States, 365 U.S 301, 304, 81 S.
Ct 653, 5 L. Ed. 2d 670 (1961).


In any probation or supervised release revocation
hearing, a ~~defendant~~ Petitioner must be afforded
" an opportunity to make a statement and present
any information in mitigation."
Fed. R. Crim. P. 32.1 (b) (2) (E)


In United States v. Frazier 283 F. 3d 1242, 1245
(11th Cir. 2002) We found that rules 32.1
did not incorporate the right of allocution in
rule 32 but urged the advisory Committee
to address this gap in the rule "by explicitly
recognizing the right to allocution at rule
32.1(b) (2) revocation hearings." Fed. R. Crim. P.
32.1 advisory Committees notes 2005
amendments.


See:" 2020 U.S. Dist. Lexis 66315:: Cox v. Barker ::
April 15, 2020 opion

## Conclussion

Petitioner respectfully moves this court to vacate, reverse or set aside his conviction and sentence Thats in violation of 9480.06 (1) Fla. Stat. ( 1987).

Respectfully Submitted,

Gregory L. Curtis   DC#I04794
Walton Correctional Institution
Date  2 - 26 -2023          691 Institution Rd
Defuniak Springs, Fl 32433

## Verification

I, Gregory Curtis, hereby declare under penalty of perjury that the Facts Stated in the forgoing Memorandum are true and correct.

Dated:      By Gregory Curtis
2-26-2023

*e*

Exhibit
(GC • 1)

IN THE CIRCUIT COURT OF
THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

STATE OF FLORIDA,

    Plaintiff,

vs.

GREGORY L. CURTIS, JR.,

    Defendant.

CASE NO.:  01-2012-CF-004799-A
01-2013-CF-003381-A
01-2014-CF-000821-A

DIVISION:  I

---

### ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE

**THIS CAUSE** comes before the Court upon Defendant's "Motion for Correction of Illegal Sentence, Incorrect Sentencing Scoresheet, or Erroneous Sexual Predator Designation," filed June 3, 2022, pursuant to Fla. R. Crim. P. 3.800(a). Upon consideration of the motion and the record, this Court finds and concludes as follows:

1. On May 13, 2014, Defendant entered a plea of *nolo contendere* in case number 01-2012-CF-004799-A to one count of Grand Theft; in case number 01-2013-CF-003381-A, to one count of Counterfeiting Goods or Services; and, in case number 01-2014-CF-000821-A, to one count of Grand Theft. Based on the terms of the plea agreement, the court sentenced Defendant, in each of the cases, to 90 days in the Alachua County Jail followed by 3 years' probation. The sentences were ordered to run concurrently.

    On April 30, 2015, after a revocation hearing, Defendant was found in violation of his probation in the above-captioned cases. The court subsequently revoked Defendant's probation and resentenced him, in case number 01-2012-CF-004799-A, to 5 years imprisonment in the Department of Corrections; in case number 01-2013-CF-003381-A, to 5 years imprisonment in the Department of Corrections, consecutive to the sentence imposed in case number 01-2012-CF-004799-A; and, in



7

*Exhibit*
*( 6.c.1 )*

ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE
STATE VS. GREGORY L. CURTIS, JR.
CASE NO. 01-2012-CF-004799-A, 01-2013-CF-003381-A, 01-2014-CF-001858-A
PAGE 2

case number 01-2014-CF-000821-A, to 5 years imprisonment in the Department of Corrections,

consecutive the sentence imposed in case number 01-2013-CF-003881-A, for a total of 15 years

imprisonment. Defendant filed an appeal. On March 18, 2016, the First District Court of Appeal *per*

*curiam* affirmed the revocation and sentence. *Curtis v. State,* 186 So. 3d 1025 (Fla. 1st DCA 2016).

2.      In the instant motion, Defendant alleges the following grounds for relief:

(Ground One)        "Defendant was not given the chance, despite his request, to
                    make an unsworn statement in allocution prior to sentence
                    being imposed";

(Ground Two)        The sentencing court "deni[ed] Defendant an opportunity to
                    present mitigation testimony to rebut issues raised by the
                    State and trial court during sentencing";

(Ground Three)      The scoresheet used at the sentencing was incorrectly
                    calculated; and

(Ground Four)       The court was improperly classified as a sexual predator
                    based on the charges in Alachua County case number 01-
                    2014-CF-001858-A.

3.      As to Ground Four, the claim raised is moot. The State *nolle prosequied* the charge in

that case. *See* Case Action Report Nolle Prosequi. And Defendant was not designated as a sexual

predator in any of the above-captioned cases.

4.      As to Grounds One and Two, rule 3.800(a) "is concerned primarily with whether the

terms and conditions of the punishment for a particular offense are permissible as a matter of law."

ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE
STATE VS. GREGORY L. CURTIS, JR.
CASE NO. 01-2012-CF-004799-A, 01-2013-CF-003381-A, 01-2014-CF-001858-A
PAGE 3

_Harris v. State_, 789 So.2d 1114, 1116 (Fla. 1st DCA 2001) (quoting _Judge v. State_, 596 So.2d 73, 77 (Fla. 2d DCA 1992)). "It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process." _Id._ Here, Defendant is not actually challenging his sentence. He is challenging the sentencing procedure. Consequently, a rule 3.800(a) motion is not the proper method for Defendant to raise the instant claims.

5.      Considered under rule 3.850, Defendant's motion is procedurally barred as untimely filed. A rule 3.850 claim is untimely if filed beyond the two (2) year limit prescribed by the rule. _See Wilkinson v. State_, 504 So.2d 29, 29 (Fla. 2d DCA 1987). The claim must be filed within two (2) years after the movant's judgment and sentence become final. _See_ Fla. R. Crim. P. 3.850(b). A movant's judgment and sentence become final "when any such direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court." _Ward v. Dugger_, 508 So.2d 778, 779 (Fla. 1st DCA 1987). Defendant's probation revocation and sentence became final on April 5, 2016, when the First District Court of Appeal issued its mandate on his direct appeal. _See_ Mandate. Because more than two (2) years have passed since Defendant's conviction and sentence became final, the instant motion is untimely filed. Furthermore, the claims raised do not meet any of the enumerated exceptions under rule 3.850(b).

6.      As to Ground Three, the claim raised is procedurally barred. "Issues which... were... litigated at trial and upon direct appeal are not cognizable through collateral attack." _Johnson v. State_, 593 So. 2d 206, 208 (Fla. 1992) (citing _Smith v. State_, 445 So. 2d 323, 325 (Fla. 1983)). Motions filed under rule 3.850 "cannot be utilized for a second appeal." _Jones v. State_, 446 So. 2d 1059, 1061-62 (Fla. 1984). Here, Defendant raised the same illegal sentencing claim on direct appeal

*Exhibit*
*(GC1)*

ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE
STATE VS. GREGORY L. CURTIS, JR.
CASE NO. 01-2012-CF-004799-A, 01-2013-CF-003381-A, 01-2014-CF-001858-A
PAGE 4

from his probation revocation and sentence.[*]

    Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

    Defendant's motion is hereby **DENIED**. Defendant may appeal this decision to the First

District Court of Appeal within thirty (30) days of this Order's effective date.

    **DONE AND ORDERED** in Chambers at Gainesville, Alachua County, Florida, on this

__14__ day of June 2022.

                                 **JAMES M. COLAW,**
                                 CIRCUIT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copy of the foregoing Order was furnished by U.S. Mail/email
delivery, on this __14__ day of June 2022, to the following:

Gregory L. Curtis, Jr. – DC# I04794
Walton Correctional Institution
691 Institution Road
De Funiak Springs, FL 32433-1831

Heather Jones, Chief Asst. State Attorney
State Attorney's Office
eservice@sao8.org

                                 W. Thurow, Judicial Assistant

---

[*] This Court respectfully requests that the staff attorneys and judges at the First District Court of Appeal reviewing this claim review the appellate briefs which were filed during Defendant's direct appeal (First DCA Case No. 1D15-2206).

IN THE CIRCUIT COURT OF
THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

**STATE OF FLORIDA,**

     Plaintiff,

vs.

**GREGORY L. CURTIS, JR.,**

     Defendant.

**CASE NO.:**  **01-2013-CF-003381-A**
                **01-2014-CF-001858-A**

**DIVISION:  I**

---

### ORDER DENYING EIGHTH MOTION FOR POSTCONVICTION RELIEF

**THIS CAUSE** comes before the Court upon Defendant's "Motion to Correct Illegal Sentence," filed April 22, 2021, pursuant to Fla. R. Crim. P. 3.800(a). Upon consideration of the motion and the record, this Court finds and concludes as follows:

    1.    On May 13, 2014, Defendant entered a plea of *nolo contendere* in case number 01-2013-CF-003381-A to one count of Counterfeiting Goods or Services. Based on the terms of the plea agreement, the court sentenced Defendant to 90 days in the Alachua County Jail followed by 3 years' probation.

    On April 30, 2015, after a revocation hearing, Defendant was found in violation of his probation in case number 01-2013-CF-003381-A. The court subsequently sentenced Defendant to 5 years imprisonment in the Department of Corrections. Defendant filed an appeal. On March 18, 2016, the First District Court of Appeal *per curiam* affirmed the revocation and sentence. *See* Mandate.

    The instant motion is eighth motion for postconviction relief that Defendant has filed in case number 01-2013-CF-003381-A. None of Defendant's prior motions have been meritorious.

    2.    In the instant motion, Defendant alleges the following grounds for relief:

Order Denying Eighth Motion for Postconviction Relief
State vs. Gregory L. Curtis, Jr.
Case No. 01-2013-CF-003381-A, 01-2014-CF-001858-A
Page 2

(Ground One)      Law enforcement falsely arrested Defendant in case number

01-2014-CF-001858-A;

(Ground Two)      The State maliciously prosecuted Defendant in case number

01-2013-CF-003381-A; and,

(Ground Three)    "Illegal Sentence."

3.      As to case number 01-2014-CF-001858-A, the claims raised are moot. The State *nolle*

*prosequied* the charge in that case. *See* Case Action Report Nolle Prosequi.

4.      Considering Grounds One and Two as applied to case number 01-2013-CF-003381-

A, rule 3.800(a) "is concerned primarily with whether the terms and conditions of the punishment for

a particular offense are permissible as a matter of law." *Harris v. State*, 789 So.2d 1114, 1116 (Fla.

1st DCA 2001) (quoting *Judge v. State*, 596 So.2d 73, 77 (Fla. 2d DCA 1992)). "It is not a vehicle

designed to re-examine whether the procedure employed to impose the punishment comported with

statutory law and due process." *Id.* Here, Defendant is not actually challenging his sentence. He is

challenging the revocation of his probation. Consequently, a rule 3.800(a) motion is not the proper

method for Defendant to raise the instant claim.

5.      Considered under rule 3.850, Defendant's motion is procedurally barred as untimely

filed. A rule 3.850 claim is untimely if filed beyond the two (2) year limit prescribed by the rule. *See*

*Wilkinson v. State*, 504 So.2d 29, 29 (Fla. 2d DCA 1987). The claim must be filed within two (2)

years after the movant's judgment and sentence become final. *See* Fla. R. Crim. P. 3.850(b). A

movant's judgment and sentence become final "when any such direct review proceedings have

concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing

ORDER DENYING EIGHTH MOTION FOR POSTCONVICTION RELIEF
STATE VS. GREGORY L. CURTIS, JR.
CASE NO. 01-2013-CF-003381-A, 01-2014-CF-001858-A
PAGE 3

court." *Ward v. Dugger*, 508 So.2d 778, 779 (Fla. 1st DCA 1987). Defendant's probation revocation and sentence became final on April 5, 2016, when the First District Court of Appeal issued its mandate on his direct appeal. *See* Mandate. Because more than two (2) years have passed since Defendant's conviction and sentence became final, the instant motion is untimely filed. Furthermore, the claims raised do not meet any of the enumerated exceptions under rule 3.850(b).

6.    As to Ground Three, the claim raised is procedurally barred. "Issues which... were... litigated at trial and upon direct appeal are not cognizable through collateral attack." *Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992) (citing *Smith v. State*, 445 So. 2d 323, 325 (Fla. 1983)). Motions filed under rule 3.850 "cannot be utilized for a second appeal." *Jones v. State*, 446 So. 2d 1059, 1061-62 (Fla. 1984). Here, Defendant raised the same illegal sentencing claim on direct appeal from his probation revocation and sentence.[*]

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

Defendant's motion is hereby **DENIED**. Defendant may appeal this decision to the First District Court of Appeal within thirty (30) days of this Order's effective date.

**DONE AND ORDERED** in Chambers at Gainesville, Alachua County, Florida, on this
$\mathcal{Q}\mathcal{th}$ day of April 2021.

**JAMES M. COLAW**, CIRCUIT JUDGE

---

[*] This Court respectfully requests that the staff attorneys and judges at the First District Court of Appeal reviewing this claim review the appellate briefs which were filed during Defendant's direct appeal (First DCA Case No. 1D15-2206).

6.C.2

ORDER DENYING EIGHTH MOTION FOR POSTCONVICTION RELIEF
STATE VS. GREGORY L. CURTIS, JR.
CASE NO. 01-2013-CF-003381-A, 01-2014-CF-001858-A
PAGE 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copy of the foregoing Order was furnished by U.S. Mail/email delivery, on this ___26___ day of April 2021, to the following:

Gregory L. Curtis, Jr. – DC# I04794
Franklin Correctional Institution
1760 Highway 67 North
Carrabelle, FL 32322

Heather Jones, Chief Asst. State Attorney
State Attorney's Office
eservice@sao8.org
(no attachments)

W. Thurow, Judicial Assistant

Filing # 43341650 E-Filed 06/28/2016 05:00:01 PM

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

STATE OF FLORIDA
    Plaintiff,

vs.

GREGORY LEON CURTIS JR.
    Defendant.

Case Number: 01-2014-CF-001858-A
C.R.#: ACSO14-4834
DIVISION I

## CASE ACTION REPORT
## NOLLE PROSEQUI

The State of Florida, by the undersigned authority, enters a **NOLLE PROSEQUI** in the above entitled action as to:

**Count**

1) HUMAN TRAFFICKING, FOR COMMERCIAL SEXUAL ACTIVITY WITH A CHILD UNDER THE AGE OF 18

    REASON: 3P    VICTIM UNWILLING/UNABLE TO COOPERATE - CASE UNABLE TO BE PROVEN VIA VICTIMLESS PROSECUTION THEORY; AND 1Y   DEFENDANT SENTENCED ON OTHER CHARGES

**EVIDENCE:**
    The Evidence Custodian is hereby authorized to **dispose of the evidence in accordance with Florida Statutes.**

I hereby certify that a copy hereof has been furnished to LLOYD L. VIPPERMAN, JR. ESQUIRE, P.O. BOX 14321, GAINESVILLE, FL 326042321 by email / efile, this 28th day of June, 2016.

WILLIAM P. CERVONE
STATE ATTORNEY

**s/ SEAN D. BREWER**
SEAN D. BREWER
Assistant State Attorney
Florida Bar No.: 0139350
120 WEST UNIVERSITY AVENUE
GAINESVILLE, FL 32601
(352) 374-3670
E-service: ESERVICE@SAO8.ORG
E-mail: BREWERS@SAO8.ORG

cc:    JAMES R PARKER, ALACHUA COUNTY SHERIFF'S OFFICE
        ASO EVIDENCE CUSTODIAN

Exhibit 
G.C 4

01-2013-CF-003384-A

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

STATE OF FLORIDA                                    Case Number: 01-2013-CF-003381-A/B
    Plaintiff,

                                                    DIVISION I

vs.

GREGORY LEON CURTIS, JR., B/M, 06/22/1984, ▮▮▮▮▮ (A)
MICHAEL ANTHONY NIXON, B/M, 06/18/1966, ▮▮▮▮ (B)

CHARGES:
    1)    COUNTERFEITING GOODS OR SERVICES

## INFORMATION

### IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

    WILLIAM P. CERVONE, STATE ATTORNEY for the Eighth Judicial Circuit, prosecuting for the State of Florida, under oath, alleges by information that **GREGORY LEON CURTIS, JR.** and **MICHAEL ANTHONY NIXON**, in Alachua County, Florida, on or about August 29, 2013, did knowingly forge, counterfeit, manufacture, distribute, transport, possess with the intent to distribute or transport, sell, offer for sale, purchase, keep, or had in their possession with the intent to sell, dispose of, or vend 100 or more, but less than 1,000 copies of any goods, to wit: Compact Discs (CDs) and Digital Video Discs (DVDs), having thereon the forged or counterfeited trademark of any person, entity, or association, and did so while knowing that the goods were forged or counterfeited, contrary to Sections 831.032(1) & 777.011, Florida Statutes. (L1)

STATE OF FLORIDA
COUNTY OF ALACHUA

    Personally appeared before me the undersigned STEVEN G. FRISCO Assistant State Attorney, Eighth Judicial Circuit of Florida, who, being first duly sworn, says that the allegations set forth in the foregoing INFORMATION are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged, and is filed in good faith, and does hereby certify that he/she has received testimony under oath from the material witness or witnesses for the offense.

WILLIAM P. CERVONE
STATE ATTORNEY

STEVEN G. FRISCO
Assistant State Attorney
Florida Bar No.: 0041026
120 W. UNIVERSITY AVE
GAINESVILLE, FL 32601
E-Service: ESERVICE@SAO8.ORG
E-Mail: FRISCOS@SAO8.ORG

JK "BUDDY" IRBY
CLERK OF COURTS
ALACHUA COUNTY, FL

2013 SEP 23   PM 2: 54
FILED
CK 33

    The foregoing instrument was acknowledged before me this 20 day of September, 2013 by STEVEN G. FRISCO, Assistant State Attorney, who is personally known to me and who did take an oath.

DESIREE B. PFEIFFER
MY COMMISSION # DD 995832
EXPIRES: August 22, 2014
Bonded Thru Budget Notary Services

NOTARY PUBLIC

Exhibit "1